FILED

FEB 01 2019

KATE BARKMAN, Clerk
By_____Dep. Clerk

UNITED STATES DISTRICT COURT OF THE
EASTERN DISTRICT OF PENNSYLVANIA

HERMINE BYFIELD,
                                          Plaintiff,

    v.

HEALTHCARE REVENUE RECOVERY GROUP,
LLC; and DOES 1 through 10, inclusive,
                                          Defendants.

CIVIL ACTION
NO. 2:18-cv-00243-PBT

## STIPULATED CONFIDENTIALITY AGREEMENT

WHEREAS, the parties to the above-captioned matter have agreed that these proceedings

may involve the discovery and use of confidential, non-public, sensitive, or proprietary business,

employment, tax, financial, and personally identifiably information, documents, and other

materials (hereinafter the "Confidential Material");

WHEREAS, the parties have agreed to produce such documents only on the agreement

that such "Confidential Material," including information regarding current and former

employees' social security information, dates of birth, personal banking information, medical

information, and rates of pay, and corporate trade secrets, nonpublic research and development

data, confidential business information not generally known to the public, and customer and

resident information, will be disclosed only as provided herein;

WHEREAS, the parties have agreed to stipulate to protect certain confidential and

otherwise protected documents, data, and other information against claims of waiver and

inadvertent production in the event they are produced during the course of this litigation whether

pursuant to a Court Order, a party's discovery request, or informal production;

WHEREAS, Defendant may be required to produce large volumes of documents, the

parties wish to comply with discovery deadlines and complete discovery as expeditiously as

{PH354635.1}

possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the documents produced, including as against third parties and other proceedings;

THEREFORE, the parties hereby stipulate and agree as follows:

1. When used in this Stipulated Confidentiality Agreement, the term "document" shall be defined in the same manner as the word "document" is defined in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, original writings, drawings, graphs, charts, photographs, recordings (by video or audio device), and any other compilation from which information can be obtained, translated, if necessary, by the party responding to any request for production through detection devices into reasonably usable form, and any copies thereof.

2. "Producing Party" means the party or non-party producing Confidential Material.

3. "Receiving Party" means the party receiving or requesting production of Confidential Material.

4. A Receiving Party shall solely use discovery material received by that party for purposes of the above-captioned litigation and shall not use said discovery material for any other purpose, including, without limitation, any personal, business, or commercial purpose, or any other litigation or proceeding.

5. Confidential Material produced pursuant to the above-captioned litigation that relates to personnel information of non-parties shall be marked "Confidential," and shall be kept strictly confidential by both Plaintiff and Defendant, and their respective legal counsel, and used only in connection with the proper litigation of the above-captioned matter.

6.     Confidential Material produced pursuant to the above-captioned litigation that relates to salary or other compensation records for any party or non-party shall be marked "Attorney's Eyes Only." Any documents marked "Attorney's Eyes Only," or any information derived from documents marked "Attorney's Eyes Only," shall not be shared with anyone other than the Receiving Party's legal counsel.

7.     Confidential Material produced pursuant to the above-captioned litigation that relates to personnel information of non-parties and that contains social security numbers or personal banking information shall be redacted to remove the social security numbers or personal banking information.

8.     Confidential Material and information derived from Confidential Material shall not be disclosed, except to the following persons:

a.     The Court and necessary Court personnel;

b.     Counsel for any party, and the paralegal, stenographic, clerical, and secretarial personnel employed by such counsel;

c.     Any party and any officer or trustee of a party;

d.     Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of the above-captioned litigation;

e.     Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing, or retrieving data, documents, or information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system;

f.    Non-party experts or consultants (together with their associates, consultants, and clerical and secretarial staff) retained to assist in prosecution, defense, settlement, or other disposition of the above-captioned litigation;

g.    Any person whom a party intends, in good faith, to call as a witness in any deposition, hearing, or trial in the above-captioned litigation, and that person's attorneys to the extent reasonably necessary to give his or her testimony;

h.    A mediator or arbitrator engaged in the proceedings; and

i.    Any other person to whom the Producing Party has consented to disclosure in advance and in writing.

9.    Prior to receiving any Confidential Material, each authorized person referenced above shall be provided with a copy of this Confidentiality Agreement and shall agree to its terms.

10.    Nothing herein shall prohibit a party's counsel of record from showing Confidential Material to a person (i) who is the author or addressee of such Confidential Material; or (ii) who had previous access to such Confidential Material including, but not limited to, access to a known source of the Confidential Material.

11.    This Confidentiality Agreement shall have no effect on any information or document that became publicly known or was in the public domain.

12.    This Confidentiality Agreement is entered solely for the purpose of facilitating the pre-trial exchange of information between the parties and non-parties to the above-captioned litigation without involving the Court unnecessarily in the process. Nothing in this Confidentiality Agreement, nor the production of any information under its terms, nor any proceedings undertaken pursuant hereto, shall be deemed to have the effect of an admission or

waiver by any party of, or otherwise deemed to alter the confidentiality or non-confidentiality of, any information. Nor shall compliance with this Confidentiality Agreement operate as an admission as to the admissibility of any information.

13.     The parties shall confer in good faith prior to trial in an attempt to devise protective procedures to be applicable at trial that are satisfactory to the Court.

14.     The foregoing is without prejudice to the right of any Party or non-Party: (a) to apply to the Court for a protective order relating to any Confidential Material or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for an order compelling production of documents, modification of or relief from this Confidentiality Agreement or for any order permitting disclosure of Confidential Material beyond the terms of this Confidentiality Agreement.

15.     Failure to redact information or mark a document "Confidential Material" or "Attorney's Eyes Only" prior to production in accordance with this Agreement shall not constitute a waiver of that party's claim to confidentiality and shall not preclude that party from thereafter in good faith redacting the document and or marking the document "Confidential Material" and/or "Attorney's Eyes Only," so long as it does so promptly after learning of the oversight and requests in writing that the Receiving Party treat the document or information in accordance with this Confidentiality Agreement.

16.     In the event the Producing Party inadvertently produces a document or thing that otherwise is not discoverable for reasons of the attorney-client privilege or work product doctrine, or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product doctrine and all copies of such inadvertently produced documents and things shall promptly be returned by the Receiving Party to the Producing Party upon request by

the Producing Party. Upon such demand, the Receiving Party shall return the documents and things and not retain copies thereof. If a party wishes to challenge an asserted claim of privilege, then the party asserting such a challenge shall retain a copy of the document and/or material at issue, pending disposition of such a challenge by the Court.

17.     In the event the Receiving Party intends to file any document containing personally identifiable information relating to any former, prospective, or current employee or other non-party witness with the Court, the Receiving Party will provide the Producing Party, at least ten (10) days in advance of the filing, with notice of which documents it intends to file with the Court. The parties shall confer in good faith prior to the filing of the documents with the Court in an attempt to reach an agreement as to the scope of the information that shall be filed and whether the information should be redacted or filed under seal. In the event the parties do not reach an agreement, the matter will be submitted to the Court for resolution.

18.     Counsel, the Producing Party, or the parties may designate information disclosed during a deposition pursuant to the Federal Rules of Civil Procedure as "Confidential Material" by identifying on the record at the deposition the material that is to be treated as "Confidential Material," or by marking within thirty (30) days after the receipt of a certified copy of the transcript of such deposition the portions of the transcript to be designated as Confidential Material. During the deposition, if "Confidential Material" is disclosed, prior to disclosure any person not authorized to receive "Confidential Material" shall be excluded from the deposition until testimony regarding those matters has been concluded. Prior to the expiration of such thirty (30) day period, all information disclosed during a deposition shall be treated as "Confidential Material," unless otherwise agreed by the parties and the witness, or ordered by the Court.

{PH354635 1}

19.    If any testimony in a deposition or any document or information used during the
course of a deposition is designed as "Confidential Material," the portion of the deposition
record reflecting such material shall be stamped with the appropriate designation and access
thereto shall be limited pursuant to the terms of this Confidentiality Agreement. The terms of this
Confidentiality Agreement shall apply to videotaped depositions, and video cassettes, DVDs, or
other video containers, which shall be labeled in accordance with the terms of this
Confidentiality Agreement.

20.    If any documents, information, or testimony are designated "Confidential
Material" by the Producing Party, but are not believed to constitute "Confidential Material" by
the Receiving Party, the Receiving Party shall notify the Producing Party and request a written
release of confidential treatment hereunder. If such written release is not forthcoming within ten
(10) calendar days thereafter, the Receiving Party may apply to the Court for an order requiring
the release of confidential treatment. Prior to making such an application, the Receiving Party
shall contact the Producing Party, and the parties shall confer in good faith in an effort to resolve
the dispute. To maintain confidential status in the event of such an application, the proponent of
confidentiality must satisfy its burden pursuant to Rule 26 of the Federal Rules of Civil
Procedure.

21.    In the event appeals or writs are taken in the above-captioned litigation, the
parties shall take reasonable steps to attempt to protect and preserve the confidentiality of
"Confidential Material," such as seeking appropriate orders from the appellate court, and filing
documents under seal as appropriate.

22.    Within 60 days after the final determination, settlement, or other disposition of the
above-captioned litigation, including any appeals, materials containing current, former, or

prospective employee or other non-party witness information disclosed or received by any party to this Confidentiality Agreement, or any Authorized Person (other than counsel's copies of documents filed with the Court and counsel's file copies of papers prepared in connection with this matter), shall be destroyed by counsel for the party in possession of such information. Counsel in possession of such information shall certify in writing that it has been destroyed in accordance with this paragraph.

23.     In the event any person or entity bound by the terms of this Confidentiality Agreement that has possession, custody, or control of any material, regardless of whether that material is "Confidential Material," which that person or entity did not produce, receives a subpoena or other process or order to produce such information, such person or entity, as soon as reasonably practicable, shall notify counsel for the parties and the counsel of record of the Producing Party claiming such confidential treatment of the document sought by such subpoena or other process or order. The person or entity receiving the subpoena or other process or order shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose interests may be affected. The Producing Party or party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order. The person or entity bound by the provisions of this Confidentiality Agreement that receives the subpoena or other process or order shall be entitled to comply with it except to the extent the person or entity asserting the confidential treatment is successful in obtaining an order modifying or quashing the subpoena.

24.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time.

{PH354635 1}

| KALIKHMAN & RAYZ, LLC | MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C. |
|---|---|
| Arkady "Eric" Rayz, Esquire<br>1051 County Line Road<br>Suite A<br>Huntingdon Valley, PA 19006<br>(215) 364-5030<br>(215) 364-5029<br>erayz@kalraylaw.com | Cecil J. Jones, Esquire<br>Joseph E. Brenner<br>One Penn Center<br>1617 John F. Kennedy Blvd, Suite 1010<br>Philadelphia, PA 19103<br>(215) 564-6688<br>(215) 564-2526<br>cjones@moodklaw.com<br>jbrenner@moodklaw.com |
| CONNOLLY WELLS & GRAY, LLP<br><br>Gerald D. Wells, III, Esquire<br>2200 Renaissance Blvd<br>Suite 275<br>King of Prussia, PA 19406<br>(610) 822-3700<br>(610) 822-3800<br>gwells@cwglaw com | |

Dated: _1/30/19_

SO ORDERED.

The Honorable Petrese B. Tucker
UNITED STATES DISTRICT JUDGE

{PH354635 1}