IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMINE BYFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC, et al.<br><br>Defendant(s). | CIVIL ACTION<br>NO. 2:18-cv-00243-PBT |

## ORDER

**AND NOW**, this _____, day of _____, 2022, upon consideration of Defendant, Healthcare Revenue Recovery Group, LLC's, Motion for Leave to File a Reply Brief in Support of its Motion for Summary Judgment (ECF No. 57) and Response to Plaintiff's Further Statement of Additional Facts in Opposition to Summary Judgment, and any response thereto, **IT IS HEREBY ORDERED** that Defendant's Motion is **GRANTED**. Defendant, Healthcare Revenue Recovery Group, LLC, may file its Reply Brief of no more than ten (10) pages in length by February 10, 2022.

**IT IS FURTHER ORDERED** that Defendant, Healthcare Revenue Recovery Group, LLC may also file a Response to the eighty-one (81) paragraphs of additional facts raised in Plaintiff's Further Statement of Additional Facts in Opposition to Summary Judgment and the attached Exhibit "1" to said filing.

                 **BY THE COURT**

                 _____

                 **PETRESE B. TUCKER**
                 **United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMINE BYFIELD,<br><br>    Plaintiff,<br><br>    vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC, et al.<br><br>    Defendant(s). | CIVIL ACTION<br>NO. 2:18-cv-00243-PBT |

**DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S FURTHER STATEMENT OF ADDITIONAL FACTS IN OPPOSITION TO SUMMARY JUDGMENT**

Defendant, Healthcare Revenue Recovery Group, LLC ("HRRG"), by and through its attorneys, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., move for leave to file a Reply brief in support of their Motion for Summary Judgment and Response to Plaintiff's Further Statement of Additional Facts in Opposition to Summary Judgment. In support, HRRG avers as follows:

1. On December 14, 2021, HRRG moved under Rule 56 for Summary Judgment on Plaintiff's claims. *See* HRRG Motion for Summary Judgment (ECF No. 57).

2. HRRG's Motion rested, in part, on the following grounds:

- HRRG did not violate §1692f(1) of the FDCPA because the "Usual and Customary" charge for Plaintiff's treatment by the provider was expressly authorized by agreement;

- HRRG did not violate §1692f(1) of the FDCPA because HRRG's Aug. 3, 2017, letter at the time of mailing did not seek payment of an amount that was not permitted by law;

- Federal and state law do not recognize a cause of action under §1692f(1) of the FDCPA against a debt collector for allegedly failing to comply with Act 6 of the MVFRL;

- Alternatively, HRRG is entitled to summary judgment based on the "Bona Fide Error" defense.

3. On January 24, 2022, Plaintiff filed her opposition to HRRG's Motion for Summary Judgment. (ECF No. 64).

4. Plaintiff also filed her Response to the Statement of Undisputed Materials Facts filed by HRRG and a Further Statement of Additional Facts in Opposition to Summary Judgment, which includes eighty-one (81) paragraphs of additional facts that Plaintiff contends precludes entry of summary judgment and an attached Exhibit "1". (ECF No. 64-1, 64-2).

5. Exhibit "1" appears be a copy of a Settlement Conference Memorandum filed in Ms. Byfield's state court lawsuit filed in Philadelphia County Court of Common Pleas captioned <u>Hermine Byfield v. Desirae Schullere Douglas, et al</u>. (Aug. Term, 2017, Case No. 03130).

6. Consistent with this Court's Policies and Procedures, HRRG respectfully seeks leave to file a Reply Brief to address new issues of fact raised and respond to the case law cited by Plaintiff in her opposition, which HRRG submits fails to support Plaintiff's argument that summary judgment should be denied.

7. In particular, HRRG seeks leave to file a Reply Brief, *inter alia*, to address the following issues:

- Plaintiff's inaccurate contention that the issues raised in HRRG's motion were decided in a prior case, *Goldshteyn v. Healthcare Revenue Recovery Group, Inc.*, Civil Action No. 2:16-cv-05049-PBT, in which this Court denied HRRG's Motion for Judgment on the Pleadings based on the *bona fide* error defense;

- Plaintiff's argument that there was uninsured motorists coverage insurance "available" under her Nationwide policy at the time of HRRG's Aug. 3, 2017 letter;

- Plaintiff's contention that Nationwide applied the Act 6 reduction to the Provider's $900.00 medical bill as part of its $13,000.00 settlement with Plaintiff to resolve her claims against Nationwide for failing to pay UM and UIM benefits;

- Plaintiff's argument that the Provider's bill was "payable" at the time of HRRG's Aug. 3, 2017 letter;

- Whether the Court may properly consider Exhibit "1" to Plaintiff's Further Statement of Additional Facts in Opposition to Summary Judgment; and

- Case law cited by Plaintiff that she contends supports her argument that HRRG's actions violated the FDCPA and cannot be considered a *bona fide* error.

8. HRRG also seeks leave to file a Response to Plaintiff's Further Statement of Additional Facts in Opposition to Summary Judgment, in which Plaintiff introduced eighty-one (81) paragraphs of new facts that were not contained in HRRG's original Statement of Undisputed Material Facts that she claims are undisputed and preclude summary judgment.

9. HRRG respectfully submits that there is good cause to allow HRRG to file a Reply brief to address Plaintiff's arguments and authorities, as well as Plaintiff's presentment of additional facts which she claims are undisputed.

10. HRRG further submits that good causes exists to allow HRRG to respond to Plaintiff's Further Statement of Additional Facts in Opposition to Summary Judgment.

11. In addition, the Court's Policies and Procedures direct that any Reply briefs should be no longer than seven (7) pages.

12. HRRG respectfully asks for permission to exceed the Court's page limit by three (3) additional pages due to the number and complexity of the issues.

13. The undersigned has conferred with opposing counsel and Plaintiff has no objection to HRRG's request to submit a Reply Brief.

14. Finally, allowing HRRG to file a Reply will not impact any of the deadlines set forth by the Court as not trial has been scheduled to date.

**WHEREFORE**, Defendant, Healthcare Revenue Recovery Group, LLC, respectfully requests that this Honorable Court grant its motion and enter an Order permitting them to file a

Reply Brief on no more than ten (10) pages by February 10, 2022, and to file a Response to Plaintiff's Further Statement of Additional Facts in Opposition to Summary Judgment.

                                      Respectfully submitted,

                                      **MARKS, O'NEILL, O'BRIEN,**
                                      **DOHERTY & KELLY, P.C.**

                                      ***/s/ Cecil J. Jones, Esquire***
                                      Cecil J. Jones, Esquire
                                      Attorney for Defendant,
                                      Healthcare Revenue Recovery Group, LLC

Date:  January 31, 2022