# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMINE BYFIELD,<br><br>　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC, et al.,<br><br>　　　　　　　　Defendant(s). | CIVIL ACTION<br>NO. 2:18-cv-00243-PBT |

**DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S, RESPONSE TO PLAINTIFF'S FURTHER STATEMENT OF ADDITIONAL FACTS <u>IN OPPOSITION TO SUMMARY JUDGMENT</u>**

　　　　Defendant, Healthcare Revenue Recovery Group, LLC ("HRRG"), by and through its attorneys, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., hereby submits the following Response to Plaintiff's Further Statement of Additional Facts in Opposition to Summary Judgment:

　　　　166.　Undisputed.

　　　　167.　Undisputed.

　　　　168.　Undisputed.

　　　　169.　Undisputed.

　　　　170.　Undisputed.

　　　　171.　Disputed. The record shows that Plaintiff's counsel lacked foundation for his line of questioning and it was objected to by counsel for HRRG.[1] Plaintiff's counsel never laid a proper foundation after the objection.[2] Counsel must lay a proper foundation for the evidence offered for

---

[1] ECF No. 57-6 (Lanes Dep. p. 54:8-16).
[2] ECF No. 57-6 (Lanes Dep. p. 54:17-19).

{PH795783.1}

it to be admissible.[3]  Only evidence that would be admissible at trial may be considered on summary judgment.[4]  Therefore, for all of the above reasons, it is disputed and out to be disregard for purposes of summary judgment.

172. Disputed.  The testimony cited does not support the allegation of undisputed material fact.  Specifically, the cited testimony is as follows:

> Counsel: Okay.  And there's uninsured motorist bodily coverage of 15,000 and $30,000 and underinsured motorist bodily injury coverage also 15,000 and $30,000; is that correct?
>
> Witness: Yes.
>
> Counsel: Then she also had $5,000 in first party medical benefits; is that correct?
>
> Witness: Yes.[5]
>
> Counsel: The question is do you take into account in resolving uninsured underinsured claims submitted to Nationwide the amount of excess medical bills?
>
> Witness: Yes.[6]

173. Undisputed.

174. Undisputed.

175. Disputed.  Plaintiff signed the Consent for Hospital Treatment and Services form which states in relevant part that by signing Plaintiff agreed to the following:

> 10. *In consideration of the care and services to be furnished to me, I undertake and promise to pay for these services (to the extent that the charges are not covered by any insurance benefits) in accordance with Hospital terms and usual and customary charges.*[7]

---

[3] *See United States v. Spence*, 703 Fed. Appx. 121, 125-126 (3d Cir. 2017).
[4] *See J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990).
[5] ECF No. 57-6 (Lanes Dep. p. 11:9-16).
[6] ECF No. 57-6 (Lanes Dep. p. 56:5-9).
[7] ECF No. 57-8.

176. Undisputed.

177. Undisputed.

178. Undisputed.

179. Disputed. As explained in HRRG's Reply Brief, the $13,000 payment was not for uninsured coverage benefits but rather was for settlement of Plaintiff's lawsuit to avoid protracted litigation.[8] Further, as explained in HRRG's Reply Brief, Plaintiff's citation to Exhibit "1" is improper and should not be considered as this document was never provided to HRRG in discovery. Therefore, for all of the above reasons, it is disputed and out to be disregard for purposes of summary judgment.

180. Disputed. As explained in HRRG's Reply Brief, the $13,000 payment was not for uninsured coverage benefits but rather was for settlement of Plaintiff's lawsuit to avoid protracted litigation.[9]

181. Disputed. As explained in HRRG's Reply Brief, the $13,000 payment was not for uninsured coverage benefits but rather was for settlement of Plaintiff's lawsuit to avoid protracted litigation.[10] Further, as explained in HRRG's Reply Brief, Plaintiff's citation to Exhibit "1" is improper and should not be considered as this document was never provided to HRRG in discovery. Therefore, for all of the above reasons, it is disputed and out to be disregard for purposes of summary judgment.

182. Undisputed.

183. Undisputed.

---

[8] ECF No. 57-26.
[9] ECF No. 57-26.
[10] ECF No. 57-26.

184. Disputed. The testimony cited does not support the allegation of undisputed material fact. Specifically, the cited testimony is as follows:

> Counsel: And how does Defendant know what debts to collect --
>
> Witness: The -- we receive a file from our client, the weekly, it's an electronic file. We assume the debts to the accurate self-pay only accounts, and those -- the files are balanced. Some -- some individual accounts are looked at to make sure the file is correct and it's loaded into the system by RQT.[11]

185. Undisputed.

186. Disputed. The testimony cited does not support the allegation of undisputed material fact. Specifically, the cited testimony is as follows:

> Counsel: Are there any policies or procedures that Defendant has in place to determine the accuracy of the information that is being provided regarding the debts it is being asked to collect?
>
> Mr. Jones: Objection to form.
>
> Witness: We -- we assume the debts that we receive are self-pay, owed by the patient, and -- and accurate. *If we receive a dispute from a consumer, then the accounts are put on hold and investigated.*[12]

187. Undisputed.

188. Undisputed.

189. Disputed. HRRG sends our validation letters to consumers to determine to whether the debt is disputed prior to beginning collection activites.[13]

190. Undisputed.

191. Undisputed.

192. Undisputed.

---

[11] ECF No. 57-17 (Metzger Dep. p. 41:10-42:7).
[12] ECF No. 57-17 (Metzger Dep. p. 63:7-19) (emphasis added).
[13] ECF No. 57-17 (Metzger Dep. p. 65:10-66:12).

193. Undisputed.

194. Undisputed.

195. Undisputed.

196. Disputed. The testimony cited does not support the allegation of undisputed material fact. Specifically, the cited testimony is as follows:

> Counsel: Okay. So would it be fair to say that in determining if the balance allegedly owed by Plaintiff was accurate, Defendant simply assumed that the information received was accurate?
>
> Mr. Jones   Objection to form.
>
> Witness: The answer is yes and send out our validation notice.[14]

197. Undisputed.

198. Undisputed.

199. Undisputed.

200. Undisputed.

201. Undisputed.

202. Undisputed.

203. Undisputed.

204. Undisputed.

205. Undisputed.

206. Undisputed.

207. Undisputed.

208. Disputed. HRRG turned over all subpoenaed materials during discovery which included policies or procedures from Nationwide.

---

[14] ECF No. 57-17 (Metzger Dep. p.105:5-15).

209. Undisputed.

210. Undisputed.

211. Undisputed.

212. Undisputed.

213. Undisputed.

214. Undisputed.

215. Undisputed.

216. Undisputed.

217. Undisputed.

218. Undisputed.

219. Undisputed.

220. Undisputed.

221. Undisputed.

222. Undisputed.

223. Undisputed.

224. Undisputed.

225. Undisputed to the extent that when Plaintiff uses the term "client" she is referring to Emergency Care Services of Pennsylvania.

226. Undisputed to the extent that when Plaintiff uses the term "client" she is referring to Emergency Care Services of Pennsylvania.

227. Disputed. The testimony cited does not support the allegation of undisputed material fact. Specifically, the cited testimony is as follows:

> Counsel: Before the letter at issue in this case was sent to Plaintiff in August of 2017, did Defendant in any way investigate the Emergency Care Services of Pennsylvania, PC?
>
> Mr. Jones: Objection to form.
>
> Witness: Not that I know of.[15]

228. Disputed. The testimony cited does not support the allegation of undisputed material fact. Specifically, the cited testimony is as follows:

> Counsel: Before the letter at issue in this case was sent to Plaintiff in August of 2017, did Defendant in any way investigate the Emergency Care Services of Pennsylvania, PC?
>
> Mr. Jones: Objection to form.
>
> Witness: Not that I know of.[16]

229. Undisputed to the extent that when Plaintiff uses the term "client" she is referring to Emergency Care Services of Pennsylvania.

230. Undisputed.

231. Disputed. The record shows that HRRG's counsel objected to the form of the question as not being admissible.[17] The record shows that Plaintiff's counsel asked an improper question about subsequent remedial measures, specifically counsel asked as follows:

> Counsel: Okay. Has Defendant instituted any corrective actions as a result of anything alleged in the present lawsuit?[18]

---

[15] ECF No. 57-17 (Metzger Dep., p. 361:3-11).
[16] ECF No. 57-17 (Metzger Dep., p. 361:3-11).
[17] ECF No. 57-17 (Metzger Dep., p. 363:14-17).
[18] ECF No. 57-17 (Metzger Dep., p. 363:14-17).

Federal Rule of Evidence 407 bars evidence about subsequent remedial measures.[19] Only evidence that would be admissible at trial may be considered on summary judgment.[20] Therefore, for all of the above reasons, it is disputed and out to be disregard for purposes of summary judgment.

232. Disputed. The record shows that HRRG's counsel objected to the form of the question as not being admissible.[21] The record shows that Plaintiff's counsel asked an improper question about subsequent remedial measures, specifically counsel asked as follows:

> Counsel: Has Defendant altered or amended its policies or procedures in any way as a result of anything alleged in the present lawsuit?[22]

Federal Rule of Evidence 407 bars evidence about subsequent remedial measures.[23] Only evidence that would be admissible at trial may be considered on summary judgment.[24] Therefore, for all of the above reasons, it is disputed and out to be disregard for purposes of summary judgment.

233. Disputed. The record shows that HRRG's counsel objected to the form of the question as not being admissible.[25] The record shows that Plaintiff's counsel asked an improper question about subsequent remedial measures, specifically counsel asked as follows:

> Counsel: Okay. Since the lawsuit had hand has been filed, have there been any attempts to institute or create a specific policy or procedure by Defendant to avoid collection of anything more than what the Pennsylvania law allows?[26]

---

[19] FED. R. EVID. 407.
[20] See *J.F. Feeser*, 909 F.2d at 1542.
[21] ECF No. 57-17 (Metzger Dep., p. 364:3).
[22] ECF No. 57-17 (Metzger Dep., p. 363:23-364:2).
[23] FED. R. EVID. 407.
[24] See *J.F. Feeser*, 909 F.2d at 1542.
[25] ECF No. 57-17 (Metzger Dep., p. 365:18-19).
[26] ECF No. 57-17 (Metzger Dep., p. 365:12-17).

Federal Rule of Evidence 407 bars evidence about subsequent remedial measures.[27] Only evidence that would be admissible at trial may be considered on summary judgment.[28] Therefore, for all of the above reasons, it is disputed and out to be disregard for purposes of summary judgment.

234. Disputed. The record shows that HRRG's counsel objected to the form of the question as not being admissible.[29] The record shows that Plaintiff's counsel asked an improper question about subsequent remedial measures, specifically counsel asked as follows:

> Counsel: Okay. Since this lawsuit was filed, have there been any attempts to institute a specific policy or procedure for Defendant to avoid collection of anything in excess of what is allowed under the Motor Vehicle Financial Responsibility law?[30]

Federal Rule of Evidence 407 bars evidence about subsequent remedial measures.[31] Only evidence that would be admissible at trial may be considered on summary judgment.[32] Therefore, for all of the above reasons, it is disputed and out to be disregard for purposes of summary judgment.

235. Disputed. The testimony cited does not support the allegation of undisputed material fact. Specifically, the cited testimony is as follows:

> Counsel: Sir, has Defendant implemented any changes to its internal policies and procedures since November 27th, 2017?
>
> Mr. Jones: Objection, asked and answered.
>
> Counsel: I don't think it was. It's a different question.
>
> Witness: All policies and procedures? Yes, we have.
>
> Counsel: Okay. Have any of those policies and procedures concerned the Act 6 reliance -- I'm sorry. Let me strike that. Has any of those changes concerned the Act 6 reduction?

---

[27] FED. R. EVID. 407.
[28] *See J.F. Feeser*, 909 F.2d at 1542.
[29] ECF No. 57-17 (Metzger Dep., p. 366:12-13).
[30] ECF No. 57-17 (Metzger Dep., p. 366:5-11).
[31] FED. R. EVID. 407.
[32] *See J.F. Feeser*, 909 F.2d at 1542.

        Witness:     No.[33]

236.    Undisputed.

237.    Disputed.  The testimony cited does not support the allegation of undisputed material fact.  Specifically, the cited testimony is as follows:

        Counsel:     Looking at this PIP log would you be able to tell me if when the Emergency Care Services of Pennsylvania submitted the bill originally if there was still coverage available under the first party medical coverage under this policy?

        Mr. Jones:     Objection.  Asked and answered.

        Mr. Wallace:     You can still answer it if you understand it or you need it repeated just let us know.

        Witness:     Yes, there were benefits available at the time the initial bill was sent to Nationwide.[34]

238.    Undisputed.

239.    Undisputed.

240.    Disputed.  Emergency Care Services of Pennsylvania would have only recovered less than $900 if the bill was "payable" by Nationwide.

241.    Undisputed that Nationwide does not know why providers do not bill the Act 6 amounts.  HRRG disputes Plaintiff's representation that the amounts billed are "inflated."

242.    Undisputed.

243.    Disputed.  The testimony cited does not support the allegation of undisputed material fact.  Specifically, the cited testimony is as follows:

        Counsel:     Now, are you aware of any agreement between Nationwide and Emergency Care Services of Pennsylvania that Nationwide would recalculate Emergency Care Services' bill for Act 6 reduction?

---

[33] ECF No. 57-17 (Metzger Dep., p. 379:7-24).
[34] ECF No. 57-11 (Glasgow Dep., p. 48:9-21).

    Witness:  I am not aware.[35]

244. Undisputed.

245. Undisputed.

246. Undisputed.

247. Disputed. The document cited by Plaintiff speaks for itself and does not support the allegation of undisputed material fact. Specifically, the document states as follows:

> Before recovery, we and any injured party seeking protection under this coverage must agree on two points:
>  (a) whether there is a legal right to recover damages from the owner or driver of an uninsured motor vehicle; and if so,
>  (b) the amount of such damages.[36]

Further, as explained in HRRG's Reply Brief, Plaintiff's citation to Exhibit "1" is improper and should not be considered as this document was never provided to HRRG in discovery. Therefore, for all of the above reasons, it is disputed and out to be disregard for purposes of summary judgment.

            Respectfully submitted,

            **MARKS, O'NEILL, O'BRIEN,
            DOHERTY & KELLY, P.C.**

            */s/ Cecil J. Jones, Esquire*
            Cecil J. Jones, Esquire
            Attorney for Defendant,
            Healthcare Revenue Recovery Group, LLC

Date: February 25, 2022

---

[35] ECF No. 57-11 (Glasgow Dep., p. 78:7-11; 79:23).
[36] ECF No. 57-13, p. 14.