IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMINE BYFIELD, *Plaintiff,* v. HEALTHCARE REVENUE RECOVERY GROUP, LLC, *Defendant.* | CIVIL ACTION NO. 18-243 |

## ORDER

**AND NOW**, this 5th day of October, 2023, Plaintiff's counsel, Daniel Sansoni, is **ORDERED TO SHOW CAUSE** why the Court should not impose sanctions under Rule 11(b)(1)–(3)[1], 28 U.S.C. § 1927[2] and the Court's inherent powers.[3]

---

[1] Federal Rule of Civil Procedure 11 imposes an affirmative duty on an attorney to conduct a reasonable inquiry into the factual and legal bases of all claims before filing and document with the court. *See Bus. Guides, Inc. v. Chromatic Commc'ns. Enters., Inc.*, 498 U.S. 533, 551 (1991). Rule 11, in relevant part, provides: "(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1)-(3). A court may, *sua sponte*, order an attorney to show cause why certain conduct does not violate Rule 11. Fed. R. Civ. P. 11(c)(3).

[2] Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in courts of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to "satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."

[3] "Among the implied and incidental powers of a federal court is the power to discipline attorneys who appear before it." *In re Prudential Ins. Co. Am. Sales Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002). (citations and quotation marks omitted). The Court may exercise its authority to impose sanctions when it determines that, in the course of litigation, an attorney "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 189 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). "Generally, a court's inherent power should be reserved for those cases in

Mr. Sansoni shall file a response to this Order **on or before Friday, October 13, 2023**. The Court will hold a hearing, where Mr. Sansoni is ordered to appear in person, on **Tuesday**, **October 17, 2023, at 2:00 p.m. in Courtroom 11-A**. Specifically, Mr. Sansoni shall address in his response the following:

1. Why his Motion to Vacate the Dismissal of this Action and Reopen Proceedings (ECF 87) was not filed for improper purposes and to harass plaintiff's prior counsel under 11(b)(1), given that the relief requested—the ability to file a Rule 11 motion against plaintiff's prior counsel—would not apply to anything prior counsel was alleged to have done.

2. Why his motion was not filed for improper purposes and to harass plaintiff's prior counsel under 11(b)(1), given that the motion appears to have been filed to obtain leverage in a tangential fee dispute.

3. Why his motion is not frivolous under 11(b)(2), given that it seeks, without apparent legal support, to vacate the case's dismissal, which was predicated on its settlement, while at the same time wanting the settlement enforced.

4. Why his motion did not contain factual contentions lacking evidentiary support subject to sanctions under 11(b)(3), given it asked the Court to "[r]eopen these proceedings based on newly acquired information," (Mot. To Vacate, at 1), when there was no such information.

5. Why his conduct is not egregious, warranting sanctions under the Court's inherent authority, given he failed to attend the oral argument and evidentiary hearing despite being ordered to do so, agreeing to the date and

---

which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995).

time and then asking a lawyer neither he nor plaintiff had ever met to appear in his place.

If Mr. Sansoni does not file a response to this Order by October 13, 2023, the Court will impose any sanctions it deems objectively reasonable under the circumstances.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.